123-7294, CV, Huzhou Chuangtai Rongyuan versus Qin. Jeffrey Sand for Appalese. Mr. Qin can. I'm sorry. Oh, I see, because you're the petitioner. Got it. Thank you. I had my names backwards, but I got it. No worries. Mr. Qin cannot appeal the August 24 contempt order because contempt was purged. The appeal is moot. The court's order threatened jail if Qin did not produce his passwords, but the passwords were obtained. All counsel jointly wrote to the court that contempt was purged. The court ordered Qin not to be detained because of Qin's, quote, compliance with the court's August 24, 2023 order, end quote. So as this court held in Sloan and in other cases, quote, no live controversy remains as to any of the alleged errors in the contempt adjudication and the appeal from the order of contempt is moot, end quote. All circuits agree on this point. The Ninth Circuit in Campbell, which we cite, described a long line of precedents holding that a purged contempt order cannot be appealed, citing to this circuit, the Third, Fifth, Eighth, Ninth, and Tenth Circuits. What about Mr. Qin's motion for sanctions and for attorney's fees? Thank you. So the fee issue is two parts. First, he claims he spent money, and then second, he's seeking fees as a sanction. So I'll address the first one first. If spending on legal fees means that a controversy does not become moot, then frankly, no controversy ever becomes moot. Anybody who incurred any expense whatsoever can always appeal by arguing that they incurred fees. So you're saying he can't extend the dispute over the sanctions beyond its mootness by just saying that I need attorney's fees? The Supreme Court has said something to that effect. Could you repeat the question? Oh, sorry. You're saying he shouldn't be allowed to extend the controversy beyond when it becomes moot because he's seeking fees. But what about his motion for sanctions on the other side? Yes. That's a separate controversy, isn't it? It is not, Your Honor. Regarding your first point, I would cite or reference the court to the Lewis v. Continental case in the Supreme Court. In terms of the sanctions, it's basically the same issue. A moot and purge contempt order, which was moot as of the time of filing the sanctions. It cannot be revived by a sanctions motion, especially a sanctions motion that effectively serves the purpose of seeking to overturn or appeal the moot contempt order. Yeah, but isn't he seeking sanctions for conduct beyond the contempt order? The sanctions would require this court to effectively reverse the district court's contempt order. The contempt order was considered, was held by the district court, it was entered, reconsideration was sought. The court found that it made no mistake of fact or law, and it's been purged. There's nothing to appeal. There's no standing to appeal. I would also just highlight for the court the chaos that would result if parties could appeal based on sanctions sought after a moot contempt order. What you could have happen then is any non-final discovery order, all you'd have to do is take contempt, immediately purge it so you suffer no consequences. When you say non-final discovery order, I mean, these are post-judgment motions, right? Yes. So there has been a final judgment in the case. So usually we would say you can't have piecemeal appeals until you have a final judgment, but when we have decisions on post-judgment motions, don't we usually say that those are final and appealable because there isn't the same risk of piecemeal litigation? Sure, post-judgment you can appeal. My point solely is this, Your Honor, which is the logic that's being argued here, that a sanctions motion can somehow give you the right to appeal or standing to appeal. If that principle was laid down, then that would be extended across the board. Anybody would then say, hey, I'll take contempt on that discovery. I'll purge it tomorrow, and now I'm going to sanction you for having sought contempt and I can now appeal. That would be creating all kinds of havoc in the courts. So does it make a difference if he's seeking sanctions just for obtaining the contempt or if he's seeking sanctions for conduct beyond that? So if actually a dispute over his motion for sanctions is not simply the other side's conduct in obtaining the contempt but is something else, wouldn't that alleviate the concern about extending a controversy beyond the point at which it's moot? I don't believe so, Your Honor, because the sanctions here, again, it's effectively seeking to reverse the findings of the contempt order. It says that the court was confused or misled. You can't reach that conclusion without saying that the original contempt order was wrong. It's basically an attempt at ancillary attacks on a purged and moot order. Why is it impossible to say that those parts of the motion for sanctions are moot because of the purged contempt, but there might be other aspects of it that are not, if they extend beyond the conduct related to the contempt order? I don't believe that would be the case, Your Honor. I believe that, again, this would simply be a mechanism for parties to evade the finality of a purged contempt order. If this was the decision, then all parties would now simply seek sanctions against the winning side, which would. I have another question, which is, you know, as I said before, this is a little different from the normal case because these are post-judgment motions. Is there going to be something like the equivalent of a final judgment that will wrap up all of the post-judgment proceedings, and we should say, well, all the motions should just be resolved when that happens? Or are the post-judgment proceedings a kind of a bunch of sort of one-off controversies? Our position, I think, is that it depends on the order. In this case, the rule is very clear that on a contempt order, the way to appeal it is to maintain contempt and appeal while in contempt. That's well-established. And he cannot seek to rewrite the rule or change the rule by giving sanctions. So are you saying that if the contempt is purged and they file a motion for sanctions, when, if ever, does it become an appealable order, or the ruling on that? Mr. Chin was obligated to maintain his contempt if he wished to appeal. So you're saying it's never appealable? Yes, Your Honor. I see I'm over. May I wrap up? Yeah. Why don't you just take 15 seconds, and we'll hear from your opposing counsel. Sure. So simply, Mr. Chin was never incarcerated. He paid no fee, and he does not seek return of his passwords. The contempt order, August 24, found that he shouted that I would rather be detained than comply. So Chin cannot appeal, where his only actual harm is that the court threatened to take him up on his offer. Okay. Thank you. Thank you very much. Why don't we hear from counsel for the respondent appellant, if I've got that right. Good morning, Your Honors. Jennifer Bleacher on behalf of appellant. Petitioners seem to misunderstand the nature of the relief that is sought here. This is not a situation where Mr. Chin is alleging that the district court applied an incorrect legal standard on a contempt motion, or misapplied the law to the facts. This is an instance where Mr. Chin learned, while he was in the process of purging the contempt, that the facts on which petitioners had based their motion for contempt were utterly fabricated. They had stated that they had been unable to forensically image a phone due to a lack of passwords, and it turned out that those representations were false. Their expert admitted that he had been able to image the phones without the passwords, and myself and others observed him use the passwords to download data that was not on the phones, but located on Google servers. So this is not a situation where there is a merits appeal. The question is whether fraud and misconduct by the opposing party entitles Mr. Chin to relief, including vacator, under federal rule of civil procedure 60B3, which is not a merits question. This court has repeatedly held that 60B is separate. A vacator of what, the contempt finding? A vacator of the contempt finding, that's correct. But that's been, he's no longer in contempt, right? He had, what happened factually is that petitioners had requested a meeting to turn over the passwords. So he was actually in the process of purging the contempt when it was learned that their expert had actually been able to image the phones. So because they withheld this information from him, he did purge the contempt. But the question here is whether. Could you just back up, I'm sorry. It's a long wind up, and I think I'd like to see the swing. Are you appealing the contempt order? You're asking for vacator of a contempt order? Is that, that's a yes or no question. What relief do you want? Do you want that relief? Yes, we are seeking relief from an order in the form of vacator. No, no, no, hang on. You can add whatever you want afterwards. Are you seeking vacator of the contempt order? That's simply a yes or no. That is a yes, your honor. That's a yes, okay. Now explain why you think you have that, because normally you would agree you can't get that, right? I don't agree, your honor, and that's because rule 60B provides a vehicle for a court to award relief from a final order for non-merits reasons, including fraud or misconduct by the opposing party. Is it something that is moot, or are you saying it's not moot? A direct appeal from the contempt order based on legal error could potentially be moot under SEC versus Sloan, but there are exceptions where there are collateral consequences. So what are the collateral consequences that he is suffering? The collateral consequences are twofold. First of all, he is currently sitting in jail pre-trial based on a bail petition that was filed, citing this contempt order as alleged proof that he does not respect court orders, and therefore would not comply with any conditions of release. Well, that remains true, right? The court ordered him to do something, and he said no, right? Are you suggesting that that did not happen? That's a different argument from saying the court should never have asked him to do it in the first place. So I'm going to ask you to start with the precedent question I asked. Is it true that the court told him to do something and he refused to do it? That is not true, your honor. That is not true? It's not true. Okay, tell me how that is. I'm missing something. Sure, he had been asked to turn over his two cell phones, and as part of that colloquy, they had been ordered to provide necessary passwords to allow their forensic technician to image the phone and access data on the phone. He turned over all of that information that same evening, that he turned over the phones. The following day, petitioners came forward with three random email addresses, including two Gmail addresses, even though there was no Gmail application or data on either phone, and an unrecognized iCloud.com address. What he told them, what I conveyed to them for him, was you have his phone. He doesn't recognize these accounts. Okay, then I think I understand your point. I think if I understand your point is that in your view, he was never actually disobeying court order. The district court incorrectly found that he was finally disobeying court order. Is that an accurate statement? That is correct. So let me back up then. Then, regardless of your view about whether the other side acted in bad faith or putting bad or incorrect information out for the district court to find, it nevertheless will always remain true that the court, the district court made a finding that it issued an order and he disobeyed it. Whether or not the district court should have asked him for that may be an open question. But whether he disobeyed the court order remains a finding by the district court. And it seems to me that that's a separate question, right? Whether the court should have asked and demanded that he do that is sort of what you're going to here. Your Honor, I think there's two matters being confused here. Nothing on this appeal concerns the propriety of the court demanding that he turn over his phone or his passwords. The issue here is that petitioners misrepresented in a subsequent motion for contempt that he had refused to comply with that order. And that the passwords in question were needed to collect data from the phones. Neither of those were true. The data was not on the phones. That was admitted to by their forensic expert after the fact. And they had said, because of this falsity, that they could not give him back his phone, because they had not been able to image it. So when- Are you seeing relief for that conduct besides vacater of the contempt order? Well, there's multiple forms of relief being sought here. Because the issue is that they made a false representation to the court. So what are they? Sanctions for all costs that were improperly incurred in having to both litigate a contempt motion that was premised on false statements, as well as there was a bit of an arduous process of having to purge the contempt order that they should not have obtained in the first place. They required us to attend long meetings videotaped at their offices, because they would not give the phones back. Those are reasons why you want sanctions. So what's the relief you want? You want vacater of the contempt order, you want sanctions, you want money from the other side. Is there some other form of relief you want? Not the why, but is there some other form of relief you want? Those are the two forms of relief being sought. All right, I think we have your- I had mentioned before that this is a post-judgment proceeding. So we don't really have any expectation of a final judgment. But is there going to be a final judgment of the post-judgment discovery orders for enforcement of the judgment at which time we could hear all orders? Or do we need to hear every denial of a motion that comes up during the post-judgment proceedings in a kind of piecemeal fashion? Well, as a procedural matter, if it's adjudicated after a final judgment, it is considered a final order and immediately appealable. With regard to your question of is there going to be a final determination, that's really a question for the petitioners, as this proceeding continues to metastasize and kind of spiral out of control. So it's very unclear when there's going to be a final- Well, not when. Determination. Not when. If. If. I think that's the question. You could say that about any trial. Lord knows when this thing is going to end. It could end 20 years from now. I think the question is, is this a type of proceeding that culminates in some final appealable order by its nature? I don't think that's the case. If the contempt order itself were used as a basis to obtain some other relief that Mr. Chin felt were improperly obtained, that separate order granting that relief would similarly be appealable. But as far as a situation akin to a final judgment on the merits where suddenly everything is going to merge into the judgment and be one final appealable order, this does not appear to be a situation where that- All right. Thank you very much. We have the arguments of both parties. We will take the case under advisement. Thank you very much.